**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-25-0010 |
| JOSE LOPEZ-GUEVARA, | * | |
| *Defendant.* | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

**<u>MEMORANDUM ORDER</u>**

Defendant Jose Lopez-Guevara has been charged by Superseding Indictment with fourteen counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and § 2, and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and § 2. (ECF No. 27.) A jury trial is set to begin on April 13, 2026. On Friday, April 10, 2026, just three days before the start of trial, counsel for Mr. Lopez-Guevara made an oral motion to continue the trial, seeking time to retain an expert witness regarding forensic interviews of minor victims of sexual abuse. The Court denied that motion during an on-the-record telephone conference. Now pending is Mr. Lopez-Guevara's Motion for Reconsideration of Order Denying Oral Motion to Continue the Trial ("Motion for Reconsideration"), filed on Sunday, April 12, 2026. (ECF No. 138.) The Court has reviewed the Motion; no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth during the on-the-record telephone conference of April 10, 2026, and as further expounded herein, the Motion for Reconsideration (*id.*) is DENIED.

1

## BACKGROUND

As pertains to the fourteen counts of sexual exploitation of a minor in the Superseding Indictment, the Government contends that Mr. Lopez Guevara sexually abused three of his five biological children: his eldest child, a son ("Minor Victim 1"); his youngest child, a son ("Minor Victim 2"); and his second child, a daughter ("Minor Victim 3"). On or prior to Friday, April 3, 2026, Minor Victim 1 and Minor Victim 3 each disclosed to their mother, Mr. Lopez-Guevara's wife, that Mr. Lopez-Guevara had repeatedly sexually abused them over multiple years. (ECF No. 139 at 5–7 *SEALED*.) Despite the fact that each child had previously been interviewed regarding sexual abuse multiple times,[1] this was the first time that either child disclosed sexual abuse of any kind. Both Minor Victim 1 and Minor Victim 3 inculpated their father, Mr. Lopez-Guevara, as their abuser. As a result of those disclosures, on Sunday April 5, 2026, Minor Victim 1 and Minor Victim 3 were each interviewed by a forensic interviewer at Center for Hope, a child advocacy and victim support center in Baltimore, Maryland.

The Government made both the Defense and the Court aware of these developments on Monday, April 6, 2026, at the beginning of a full-day motions hearing. (ECF No. 121.) At that time, the Government also indicated that it might call Minor Victim 1 and Minor Victim 3 to testify at trial. (ECF No. 139 at 10 *SEALED*.) The Court held another full-day hearing and pretrial conference on Thursday, April 9, 2026. (ECF No. 132.) The Defense did not raise

---

[1] Specifically, Minor Victim 1 was interviewed (1) on February 12, 2024, by an employee of Baltimore County Department of Social Services, in relation to the criminal investigation of Josue Roman; (2) on December 12, 2024, by a Baltimore County Department of Social Services interviewer (the same day that Mr. Lopez-Guevara was arrested in relation to these charges); and (3) on February 5, 2025, by a forensic interviewer at Center for Hope. Minor Victim 2 was interviewed (1) on February 12, 2024, again in relation to the investigation of Josue Roman; and (2) on February 5, 2025, by a forensic interviewer at Center for Hope.

any motion related to the inculpatory statements of the Minor Victims during either of those two hearings.

Instead, in the afternoon of Friday, April 10, 2026, just three days before trial (and two of those days being a weekend), the Defense made an oral motion to continue the trial date. The Defense argued that it needed time to consult with an expert in forensic interviews to analyze the interviews taken at Center for Hope on April 5, 2026. Counsel for Mr. Lopez-Guevara contended that an expert was needed to compare the most recent forensic interview of each child with the previous interviews undertaken of the children. Counsel also indicated that an expert might be able to identify further issues which the attorneys could not foresee.

The Court denied the oral motion to continue for two reasons. First, it noted the late hour of the motion—filed less than seventy-two hours before trial, yet four days after the Defense learned of the new disclosures of Minor Victim 1 and Minor Victim 3. Second, the Court noted that any proposed expert with respect to forensic interviews would not meet the standard for expert testimony set in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993). Specifically, the Court explained that the Defense had not demonstrated that any such expert would be reliable, by a preponderance of the evidence, under *Daubert*'s five reliability factors. The Court reasoned that the Defense had not shown: (1) the testability of such proposed expert testimony; (2) that the theories underlying the testimony had been subjected to peer review and publication; (3) any known or potential rate of error; (4) any standards controlling the methods; nor (5) that such technique has gained general acceptance in the relevant scientific community. In short, the Court ruled that the Defense had not shown any of the indicia of reliability necessary for expert testimony under *Daubert*.

On Sunday, April 12, 2026, the day before trial, the Defense filed the pending Motion for Reconsideration. (ECF No. 138.) The Motion, which is just two pages long and does not cite any legal authority, names a proposed expert witness in forensic interviewing: Michael C. Gottlieb, Ph.D. (*Id.* at 2.) Appended to the Motion for Reconsideration are Dr. Gottlieb's fifty-one page curriculum vitae (ECF No. 138-3) and a short prefatory letter titled "Forensic Consultation." (ECF No. 138-2 at 1) In the letter, Dr. Gottlieb does not offer proposed expert testimony specific to this case. (*Id.*) Instead, he merely notes his qualifications, his current research (the fallibility of memory, particularly children's memory), and several proposed investigative steps he would undertake if retained in this case. (*Id.* at 1–3.)

## ANALYSIS

### I.    Legal Standards

Although the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration in criminal cases, the United States Court of Appeals for the Fourth Circuit has held that "a district court has the inherent power . . . to reconsider interlocutory orders" in such cases. *United States v. Breit*, 754 F.2d 526, (4th Cir. 1985) (internal citations omitted). When evaluating a motion to reconsider in a criminal case, a district court looks, by analogy, to the standards set by the civil rules. *See United States v. Johnson*, No. 17-01204-MGL-1, 2020 WL 3958282, at *1 (D.S.C. July 13, 2020); *United States v. Newbold*, No. 22CR72-1, 2023 WL 3287880, at *1 (M.D.N.C. May 5, 2023). Specifically, the purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Smith*, No. 16-CR-34-FL-1, 2017 WL 4685357, at *1

(E.D.N.C. Oct. 18, 2017) (internal citations omitted). Such motions are not proper merely to ask the court to rethink its previous adverse decisions. *Id.* (internal citation omitted).

The decision to grant or deny a motion to continue is within the broad discretion of the trial court. *Morris v. Sloppy*, 461 U.S. 1, 11–12 (1983); *United States v. Chavez*, 894 F.3d 593, 606–07 (4th Cir. 2018). A denial of a motion to continue will be found to be an abuse of discretion *only* when the district court displays "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay." *Sloppy*, 461 U.S. at 11–12. A finding of an abuse of discretion is not reversible error unless the defendant shows that "the error specifically prejudiced his case." *United States v. Williams*, 445 F.3d 724, 739 (4th Cir. 2006).

## II.    Application

On April 12, 2026, the day before trial, Mr. Lopez-Guevara moved for reconsideration of the Court's Order denying his oral motion to continue. (ECF No. 138.) As noted above, motions for reconsideration are not proper when made for the sole purpose of asking a court to reconsider its previous adverse ruling. *Smith*, 2017 WL 4685357, at *1 (internal citations omitted). Instead, such motions are only proper to "correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (internal citations omitted). Here, Mr. Lopez-Guevara's two-page Motion for Reconsideration cites no legal authority of any kind. It presents no new evidence. It does not argue that the court made "manifest errors of law or fact." Instead, the Motion for Reconsideration only notes the name of a possible expert witness in forensic interviewing, Dr. Michael C. Gottlieb. (ECF No. 138 at 2.) There is no argument in the Motion that the Court manifestly erred in law or fact. There is no new

evidence presented. As such, the standard for reconsideration in a criminal case is not met. The Motion for Reconsideration (*id.*) is accordingly DENIED.

In the alternative, even if the Motion for Reconsideration were granted and the Court were to proceed on the merits of the motion to continue, the Court would still deny a continuance in this case. As stated on the record on April 10, 2026, and noted above, trial courts have broad discretion over motions to continue. *Sloppy*, 461 U.S. at 11–12; *Chavez*, 894 F.3d at 606–07. The Fourth Circuit has confirmed that a trial court does not abuse its discretion in denying a motion to continue filed so close to trial. *See United States v. Manney*, 239 F. App'x 820, 822–23 (4th Cir. 2007) (affirming district court's denial of defendants' continuance motion, which was raised orally in a pretrial motions hearing eleven days before trial); *see also Chavez*, 894 F.3d at 607. Indeed, the Fourth Circuit has affirmed a district court's denial of a continuance motion filed two months before trial in a capital case. *Chavez*, 894 F.3d at 607. Compared to those cases, a continuance would be even less merited in this case. Counsel for Mr. Lopez-Guevara learned of the disclosures of Minor Victim 1 and Minor Victim 3 on the morning of Monday, April 6, 2026. They then waited four days, until the afternoon of Friday, April 10, 2026, to raise their motion to continue. That is, less than seventy-two hours before trial, and having waited four days, the Defense sought a continuance. Pursuant to *Manney* and *Chavez*, which involved time frames of eleven days and two months, respectively, the Court is within its discretion in denying the motion to continue.

Additionally, a continuance is not merited here because Mr. Lopez-Guevara has not met his burden of showing that any proposed witness with respect to forensic interviewing would qualify as an expert within the standards set for such testimony in either Federal Rule

of Evidence 702 or *Daubert*. Rule 702 makes clear that a party seeking to introduce expert testimony bears the burden of proving the admissibility of such testimony by a preponderance of the evidence. Fed. R. Evid. 702. Mr. Lopez-Guevara has not met that standard because he has not shown that any expert testimony would assist the jury, be relevant to this case, or rest on a reliable methodology.

First, under Federal Rule of Evidence 702(a), expert testimony is not admissible if it would not "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Dr. Gottlieb's letter to Mr. Lopez-Guevara's counsel states that he could offer testimony on forensic interview protocols as well as the fallibility of children's memories. (ECF No. 138-2.) As noted above, the two-page Motion for Reconsideration contains no argument as to how Dr. Gottlieb's testimony would assist the trier of fact in understanding any evidence or determining any fact in issue in this case. (ECF No. 138.) Jurors do not need an expert to tell them that human memory is not perfect. Likewise, a jury does not need an expert to testify that different jurisdictions have different protocols for interviewing minor abuse victims. Put simply, Mr. Lopez-Guevara has not shown by a preponderance of the evidence that Dr. Gottlieb's testimony would be helpful to the jurors, as required by Rule 702(a).

Second, even if such testimony were helpful to the jury, Mr. Lopez-Guevara has not shown by a preponderance of the evidence that Dr. Gottlieb's testimony would be relevant or reliable under *Daubert*. In *Daubert*, the Supreme Court explained that expert testimony is not admissible unless it is both relevant and reliable. 509 U.S. at 597. Relevance is determined pursuant to Federal Rule of Evidence 401. Here, the Defense asserts that a forensic interview

expert would be relevant because Minor Victim 1 and Minor Victim 3 disclosed that they had been abused by Defendant during a forensic interview at Center for Hope on April 5, 2026. This argument skips over the basic fact that Minor Victims 1 and 3 were only interviewed on April 5, 2026, because they had already disclosed multiple years of sexual abuse by Mr. Lopez-Guevara to their mother. The Defense's argument as to the relevance of such expert testimony rests on the faulty presupposition that the Minor Victims disclosed abuse at the hands of the Defendant *because of* the forensic interview at Center for Hope. According to the Government's proffer on April 6, 2026, however, that is not the case. Minor Victims 1 and 3 disclosed abuse to their mother on or prior to April 3, 2026. They were then interviewed by forensic interviewers on April 5, 2026. Put differently, the April 5, 2026, forensic interviews were a result of a prior disclosure of abuse, not the cause of any disclosure. As such, Mr. Lopez-Guevara has not shown that forensic interview expert testimony would be relevant under Rule 401.

Finally, Mr. Lopez-Guevara has not shown that such testimony would be reliable under *Daubert*. Pursuant to that case, trial courts determine whether proposed expert testimony would be reliable by considering five factors: (1) whether the particular scientific theory has been or can be tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error; (4) whether there are standards controlling the methods; and (5) whether the technique has gained general acceptance in the relevant scientific community. *Id.* at 593–94. As the Court noted on the record on Friday, April 10, 2026, the Defense has not met any of these factors by a preponderance of the evidence. Indeed, the Defense has not offered *any* argument or evidence regarding *any* of these five

factors. Merely appending a forensic psychologist's generic consultation letter and curriculum vitae to a boilerplate motion does not suffice to meet the standards for admitting expert testimony under Rule 702 or *Daubert*.

In sum, even if the Court were to reach the merits of Mr. Lopez-Guevara's motion to continue, the Court would deny the motion for two reasons. First, continuing trial just three days before trial would not be warranted. Second, the Defense has failed to show that the proposed expert testimony regarding forensic interviews (the supposed reason that the Defense needs a continuance) would assist the jury, be relevant, or be reliable.

## CONCLUSION

For the reasons stated during the on-the-record telephone conference of April 10, 2026, and further expounded above, it is this 13th day of April, 2026, hereby ORDERED that Mr. Lopez-Guevara's Motion for Reconsideration of Order Denying Oral Motion to Continue the Trial (ECF No. 138) is DENIED.

/s/
Richard D. Bennett
United States Senior District Judge