IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,          *

   v.                                    *     Criminal Action No. RDB-25-0010

JOSE ADAN LOPEZ-GUEVARA,          *

   *Defendant.*                          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**<u>MEMORANDUM ORDER</u>**

Defendant Jose Adan Lopez-Guevara ("Defendant" or "Mr. Lopez-Guevara") has filed an *Ex Parte* Petition for the Issuance of Rule 17(c) Subpoena (ECF No. 144 \*SEALED\*) ("Defendant's Motion") to Prince George's County Public Schools for school records related to Minor Victim 1. As set forth on the record during trial on April 15, 2026, due to a clerical error, that subpoena has been signed without notice to Minor Victim 1's representative. As set forth on the record and expounded below, therefore, that subpoena is RESCINDED, and, consistent with Federal Rule of Criminal Procedure 17(c)(3), defense counsel must (1) direct Prince George's County Public Schools that it is not to disclose the requested records pending further order from this Court; and (2) immediately notify Minor Victim 1's mother[1] of the subpoena to allow her the opportunity to take a position as to whether she intends to move to quash, modify, or otherwise object to the subpoena.

Defendant contends that on March 28, 2026, Minor Victim 1 for the first time told his mother that Defendant had abused him. (*Id.* \*SEALED\* at 2.) According to Defendant,

---

[1] Minor Victim 1's mother is a Government witness in this case.

1

Minor Victim 1 disclosed the abuse after his mother and godmother confronted him about a disciplinary incident at his school.  (*Id.* *SEALED*.)  Defendant asserts that, at the time of this disclosure, Minor Victim 1 had no knowledge of the upcoming trial involving Defendant.  (*Id.* *SEALED*.)  Minor Victim 1's mother then notified the Government of the alleged abuse.  Defendant asserts that Minor Victim 1 has participated in several interviews—including, (1) a February 12, 2024 Social Services interview; (2) a December 12, 2024, interview by Baltimore County Department of Social Services; (3) a February 6, 2025, forensic interview; and (4) an April 5, 2026, forensic interview—in which he made no allegations of sexual abuse. (*Id.* *SEALED* at 1–2.)  Defendant argues that Minor Victim 1's disclosure to his mother constituted the first time that he told anyone about the abuse he had experienced.

In his Motion, Defendant requests issuance of a subpoena to Prince George's County Public Schools requesting "[n]otes, consultations, memoranda, and/or reports, correspondence with law enforcement authorities and/or hospitals and/or childcare programs regarding disciplinary action in response to an incident of drug use on Thursday, March 26, 2026, involving" Minor Victim 1.  (ECF No. 144-1 *SEALED*.)  Defendant argues that the subpoena should be issued *ex parte* and without notice to Minor Victim 1 or his representative because "the defense would be unfairly prejudiced by premature disclosure of sensitive defense strategy."  (ECF No. 144 *SEALED* at 2–3.)  As explained on the record, through a clerical error, the subpoena has been signed and served upon Prince George's County Public Schools.  Also as explained on the record and expounded below, however, that subpoena is rescinded and Prince George's County Public Schools is not to comply with any Rule 17(c) subpoena until (1) Minor Victim 1's mother has received notice of the subpoena; (2) Minor

Victim 1's mother has taken a position, if any, as to the subpoena; and (3) this Court has issued an additional order based on any such position.

Federal Rule of Criminal Procedure 17(c)(3) governs the issuance of subpoenas seeking personal or confidential information about a victim. Specifically, Rule 17(c)(3) provides:

> After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. *Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim* so that the victim can move to quash or modify the subpoena or otherwise object.

Fed. R. Crim. P. 17(c)(3) (emphasis added). Thus, absent "exceptional circumstances," Rule 17(c)(3) requires notice to the victim. *Id.* The Rule itself does not define exceptional circumstances, but the Advisory Committee Notes clarify that "[t]he Committee leaves to the judgment of the court a determination as to whether the judge will permit the question whether such exceptional circumstances exist to be decided ex parte and authorize service of the third-party subpoena without notice to anyone." Exceptional circumstances may include (1) "evidence that might be lost or destroyed if the subpoena were delayed" or (2) "a situation where the defense would be unfairly prejudiced by premature disclosure of a sensitive defense strategy." Advisory Committee Notes to Rule 17(c)(3).

Put differently, notice to the victim is a threshold requirement of Rule 17(c)(3) that may be overcome *only* where the Court concludes that there exist exceptional circumstances justifying issuance of the subpoena without notice. *See, e.g.*, *United States v. Godfrey*, 2013 WL 5780439, at *1 (D. Mass. Oct. 18, 2013) (collecting cases and explaining that a defendant must show "notice of a subpoena would compromise trial strategy or 'imperil' the source or integrity of evidence"). Defendant acknowledges this notice requirement but argues

that exceptional circumstances exist in this case because notice would prejudice his defense by prematurely disclosing sensitive defense strategy, and specifically the defense's strategy to establish that Minor Victim 1 had a motive to implicate Defendant. (ECF No. 144 *SEALED* at 2–3.)

Although few courts have specifically considered issuance of a subpoena *ex parte* and without notice to a minor victim, district courts have recognized that failing to give notice to a minor victim "would defeat the purpose of rule 17(c)'s notification, which is to give the victim an opportunity to object to the subpoena before the Court authorizes it." *United States v. Begay*, 2018 WL 401265, at *13 (D.N.M. Jan. 12, 2018). To demonstrate the exceptional circumstances required to justify a subpoena without notice, therefore, a defendant must provide more than "speculative allegations as to [a victim's] cooperation" with the subpoena.[2] *United States v. Glenn*, 341 F.R.D. 217, 221 (N.D. Ohio 2022).

In this case, Defendant has not established that exceptional circumstances justify issuance of the subpoena without notice to Minor Victim 1 or his representative. As an initial matter, Defendant baldly asserts that Minor Victim 1 will "likely" consult with his mother about the requested records, which could prejudice the defense. This assertion is speculative in nature and, therefore, is not sufficient to constitute "exceptional circumstances" under Rule 17(c)(3). *See Glenn*, 341 F.R.D. at 221 (requiring more than "speculative allegations" about victim's potential cooperation to justify subpoena without notice). Moreover, parties to a

---

[2] District courts have also suggested that a defendant must do more than assert that "the records to be subpoenaed were . . . merely for impeachment purposes . . . ." *United States v. Fry*, 2012 WL 117117, at *1 (E.D. Wash. Jan. 13, 2012); *see also United States v. Smith*, 245 F.R.D. 605, 612 (N.D. Ohio 2007) (concluding records requested were relevant for more than impeachment and rejecting Government's argument that Rule 17(c) subpoena request was improper because material requested was only for impeachment).

criminal case are on notice that witnesses may be subject to impeachment during cross-examination. Indeed, in this case, Defendant has asserted on the record in pretrial hearings that Minor Victim 1 disclosed abuse for the first time in March 2026 despite not disclosing it in prior interviews. Thus, the Government is already on notice that Defendant may seek to question the veracity of Minor Victim 1's testimony about the abuse. The only potential prejudice that could arise, therefore, is as to the specific records with which Defendant intends to challenge Minor Victim 1's motive to testify that Defendant abused him. This falls far short of the "exceptional circumstances" required to justify issuance of a subpoena without notice to Minor Victim 1.

## CONCLUSION

For the reasons set forth on the record on April 15, 2026, and stated above, it is this 16th day of April 2026 hereby ORDERED that:

1. The Rule 17(c) subpoena issued and noticed to Prince George's County Public Schools due to a clerical error of this Court is RESCINDED;

2. Defense counsel is INSTRUCTED to notify Prince George's County Public Schools that it is not to provide any records pending further order from this Court;

3. Defense counsel is INSTRUCTED to notify Minor Victim 1's mother of Defendant's Rule 17(c) subpoena request;

4. This Court shall await the position, if any, of Minor Victim 1's mother as to as to whether she intends to move to quash, modify, or otherwise object to that subpoena request; and

5. The Clerk of this Court shall transmit copies of this Memorandum Order to counsel of record.

/s/
Richard D. Bennett
United States Senior District Judge

6